**SO ORDERED.**

**SIGNED this 01 day of July, 2008.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
ELIZABETH CITY DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **SEA RANCH II OWNERS ASSOCIATION, INC.** | **07-00475-8-RDD** |
| **DEBTOR** | |
| **SEA RANCH II, INC. and SEA RANCH II OWNERS ASSOCIATION, INC.** | |
| **Plaintiffs** | **ADVERSARY PROCEEDING NO.** |
| v. | **08-00022-8-RDD-AP** |
| **SEA RANCH II OWNERS ASSOCIATION, INC. and SEA RANCH II, INC.** | |
| **Defendants** | |

**ORDER DENYING MOTION TO ABSTAIN**

This adversary proceeding is before the court on the plaintiff's motion to abstain. A hearing was held in Greenville, North Carolina on June 24, 2008 and in Wilson, North Carolina on June 25, 2008.

The plaintiff, Sea Ranch II, Inc. ("SRII"), filed the pending motion to abstain, requesting that the court abstain from hearing the above-referenced adversary proceeding and allow the claims involved in that action to be heard by the state court. In support of its motion, SRII explains that the parties have been involved in extensive litigation in the North Carolina state courts since 2000. In its motion, counsel for SRII indicates that of the factors considered by bankruptcy courts in determining whether to abstain from a case, several weigh in favor of SRII's motion. These include the state law's predominance over the bankruptcy law over these issues, the state court's prior exercise of jurisdiction for more than seven years, the debtor's forum shopping as a basis for filing bankruptcy, and the duplication of effort and inefficient use of judicial resources since the state court judge has already heard one-half of the evidence regarding the issues. At the hearing, counsel for SRII argued that SRII brought a complaint for a declaratory judgment in the bankruptcy court, and did not submit itself to having to defend counterclaims in this forum.

The debtor, Sea Ranch II Owners Association, Inc. ("SROA"), requests denial of the motion. Counsel for the debtor argues that, upon the filing of the adversary proceeding by SRII, SRII waived its right to seek abstention. In the pleadings, both parties have admitted that the bankruptcy court has jurisdiction over the parties and the issues. Counsel further argues that the factors used to determine whether permissive abstention is appropriate do not support abstention in this case because the issues are not complex and the bankruptcy court is capable of adjudicating them properly. Those factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of a related proceeding in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1344;

      (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
      (7) the substance rather than form of an asserted 'core' proceeding;
      (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court;
      (9) the burden on the bankruptcy court's docket;
      (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
      (11) the existence of a right to a jury trial; and
      (12) the presence in the proceeding of non-debtor parties.

In re Mercer's Enterprises, Inc., Adversary Proceeding No. L-08-00011-8-AP (Bankr. E.D.N.C. May 8, 2008). Counsel pointed out that, in Mercer's, the opposing party fought the lawsuit being brought into the bankruptcy court by the debtor. In the case at hand, the opposing party is the party that brought the case into the bankruptcy case, and is now asking for the court to abstain from hearing it.

      The court finds that SRII filed an action for a declaratory judgment in this adversary proceeding. SROA filed an answer and counterclaim, to which responding replies were filed. All pleadings in this adversary proceeding appear to be core issues, over which this court has jurisdiction. In SRII's complaint, it submits that this court would be the proper place to have these issues resolved expeditiously in light of the previous rulings of the state court. In fact, in Paragraph 10 of SRII's complaint, it states, "Sea Ranch submits that, especially in light of the previous rulings from the state court, such a declaration can be achieved speedily in this Court and without undue burden or cost." The court finds that the issues involved in this proceeding turn on a determination of whether the debtor has an asset, whether SRII has a claim, and whether there are any setoffs that apply. There may also be issues of the preclusive effect of the state court orders and collateral estoppel; however, those issues will be determined when properly brought before this court. Therefore, SRII's motion to abstain is **DENIED**.

With respect to a request made by Mr. S. Strother Smith, III to be joined as a party-defendant in this proceeding, the court will allow Mr. Smith 10 days from the date of the entry of this order within which to file a motion requesting such relief. Further, the debtor is directed to file an objection to SRII's claim within 10 days of the entry of this order, to be heard in conjunction with this adversary proceeding.

**SO ORDERED.**

**END OF DOCUMENT**